IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DOUGLAS McGUFFEY, #2043256 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv681 |
| CALVIN TUCKER, ET AL. | § | |

MEMORANDUM OPINION ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Douglas McGuffey, an inmate confined within the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights while housed at the Skyview Unit. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

McGuffey filed a motion for a preliminary injunction or temporary restraining order in January 2018, (Dkt. #5). He noted that he filed his motion so that he can be "referred" to Jester IV or V in case there is a mental health emergency. McGuffey also reiterated his main contention within his civil rights complaint: He was nearly killed by an officer in February 2017 while housed at the Skyview Unit and he that "cannot risk having this ever happening again."

The Magistrate Judge issued a Report, (Dkt. #30), recommending that McGuffey's motion for a preliminary injunction/temporary restraining order be denied. The Magistrate Judge found that McGuffey's conclusory and speculative claims—as he failed to illustrate that he faced substantial, irreparable harm if his motion was not granted—were fatal to his motion. His concern was for future harm rather than imminent harm, which is purely speculative. A copy of this Report was sent to

McGuffey at the address he provided in his most recent notice of change of address; return receipt requested. To date, however, no objections to the Report have been submitted.

McGuffey filed a notice of mail problems, (Dkt. #29). However, in his notice, he explained that he was neither receiving mail from his mother nor "confirmation from the court" about receiving his filings. The court notes that it does not send confirmations. Moreover, as a general rule, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change." *See Martinez-Reyes v. United States*, 2016 WL 8740494 *5 (S.D. Tex.—McAllen, Oct. 10, 2016) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address, i.e., a P.O. Box is not acceptable, and is responsible for keeping the clerk advised in writing of the current physical address." McGuffey was specifically advised of the requirement to inform the court of any changes to his address, (Dkt. #9). While McGuffey notified the court of his transfer to the Allred Unit, (Dkt. #18), he has not informed the court of any further address changes.

Importantly, McGuffey's motion for a preliminary injunction is now moot. Even though McGuffey did not file an updated change of address, a review of TDCJ's records indicate that he is currently housed at the Robertson Unit. The Robertson Unit is outside of the territorial jurisdiction of the Eastern District of Texas and, consequently, this court lacks *in personam* jurisdiction over the individuals there. *See Parker v. Ryan*, 960 F.2d 543, 546 (5th Cir. 1992). This lack of *in personam* jurisdiction precludes the entry of an injunction against the officials at the Skyview Unit, which is where the incidents contained in McGuffey's complaint occurred. *See Enterprise Intern. Corp. Estatal Petrolera Ecuatorian*, 762 F.2d 464, 470-71 (5th Cir. 1985).

Furthermore, the Fifth Circuit has noted that under Rule 65(d), an injunction is binding upon the parties to the action and the persona acting in privity with them. *See F.D.I.C. v. Faulkner*, 991

F.2d 262, 267 and n.7 (5th Cir. 1993); *Waffenschmidt v. MacKay*, 763 F.2d 711, 717 (5th Cir. 1985). Here, none of the persona sought to be enjoined—prison officials at other mental health units or even the Robertson Unit—are parties to this case now pending, nor is there any showing that these officials are acting in privity with the Defendants in this case. In other words, the court cannot force prison officials at the Robertson Unit, where McGuffey is now housed, to protect him against events that may have occurred at the Skyview Unit. Even if McGuffey had filed objections, McGuffey's request for injunctive relief could not be granted.

Because McGuffey failed to object to the Magistrate Judge's Report, McGuffey is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge, (Dkt. #30), is **ADOPTED** as the opinion of the District Court. Further it is

**ORDERED** that Plaintiff's motion for a preliminary injunction/temporary restraining order, (Dkt. #5), is **DENIED**.

**SIGNED** this the **28** day of **August, 2018.**

Thad Heartfield
United States District Judge